## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

  Vs.                             No. 10-40103-01-SAC

COREY EUGENE JOHNSON,

        Defendant.

### MEMORANDUM AND ORDER

        The defendant pled guilty to a single count of crack cocaine distribution and was sentenced to 18 months of custody to be served consecutively to the term of imprisonment imposed for his supervised release violation in the United States District Court case of No. 03-40046-01-RDR.  Less than two months later, the defendant mailed to the Clerk of the Court a form letter in which he had signed and completed the blanks with his name, his case number, and the date.  The letter summarily requested the clerk to provide copies of the sentencing transcript, "any available plea agreement," the judgment and commitment, and the docket report.  This letter was incorrectly regarded and filed as a motion to the court.  (Dk. 24).

        Staff notes on the docket report reflect that the defendant's girlfriend paid for copies of the judgment, petition for plea, and the docket

sheet and that the court mailed those copies to the defendant.  Staff also

gave her information for contacting the court reporter to purchase a copy of

the sentencing transcript.  Nothing has been filed of record since that date,

and the court is unaware of any further correspondence from the defendant.

These staff notes show that Johnson's letter is effectively moot as a pending

request to the Clerk of the Court.

Johnson's letter refers to the fact that in his criminal prosecution

he received representation pursuant to the Criminal Justice Act, 18 U.S.C. §

3006A, and he asks that any fees associated with meeting his request for

records "be waived."  The Clerk of the Court is without authority to waive

these fees, until the trial judge or a circuit judge first certifies that a party's

suit or appeal is not frivolous and that the transcript or copies of other court

documents are needed to decide the issues presented by the suit or appeal.

28 U.S.C. § 753(f); *see Nortonsen v. Larimer County Dist. Court*, 178 Fed.

Appx. 783, 2006 WL 1086437, at *1 (10th Cir. Apr. 26, 2006); *United*

*States v. Bega*, 2009 WL 1422995 (D. Kan. May 19, 2009).  Certification

depends on the party first demonstrating a non-frivolous suit and the need

for the requested transcript and court filings.  *Brown v. New Mexico District*

*Court Clerks*, 141 F.3d 1184, 1998 WL 123064, at *3 n. 1 (10th Cir. Mar.

19, 1998) (Table) (citing *United States v. MacCollom*, 426 U.S. 317 (1976)

(plurality)).  The right to a free transcript does not arise from the simple

desire to search for error in the record.  *Ruark v. Gunter*, 958 F.2d 318, 319

(10th Cir.1992). While Johnson's letter does not seek certification, the court

has no legal or factual basis for granting certification and thereby authorizing

the Clerk to provide any transcript or documents without a fee.

IT IS THEREFORE ORDERED that the defendant's motion (Dk.

24) is denied.

Dated this 23rd day of May, 2012, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge